GEORGE K. SAMUEL, EMPLOYEE, PLAINTIFF v. CLAUDE PUCKETT/LINCOLN USED CARS AND/OR LEWIS JENKINS, NON-INSURER, EMPLOYER DEFENDANT

No. 8110IC292

(Filed 19 January 1982)

1. **Master and Servant § 96.5— workers' compensation—defendant not employer —sufficiency of evidence to support findings**

The evidence in a workers' compensation proceeding was sufficient to support findings by the Industrial Commission that defendant financed the purchase of the automobile plaintiff was driving at the time he was injured but that the automobile was owned by a third party; that the automobiles financed by defendant for the third party were usually titled in his name; and that plaintiff was employed by the third party and not by defendant on the date of the accident.

2. **Master and Servant § 93— workers' compensation—notices of accident showing different employers—request for hearing as to one employer—determining claim against second employer**

Where plaintiff filed with the Industrial Commission one notice of accident showing defendant as his employer and another notice showing a second individual as his employer, plaintiff filed a request for hearing only as to defendant, and the Industrial Commission did not schedule a hearing as to the claim against the second individual, the Industrial Commission erred in determining the claim against the second individual in the proceeding against defendant. G.S. 97-83.

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 4 November 1980. Heard in the Court of Appeals 21 October 1981.

The plaintiff was injured in an automobile accident on 4 February 1976. He filed two notices of accidents with the Industrial Commission, one showing Claude Puckett as his employer and the other showing Lewis Jenkins as his employer. The plaintiff filed in March 1977 a request that the claim against Puckett be set for hearing. On 12 July 1977, Deputy Commissioner Ben Roney conducted a hearing in Dobson. At that hearing the plaintiff testified that on 3 February 1977 he was employed by the defendants Puckett and Jenkins who were engaged in the wholesale used automobile business. On that date he was instructed by Mr. Jenkins to drive an automobile from High Point to Fredericksburg, Virginia, to be sold at public auction. He drove the automobile from High Point to Greensboro where he spent the night and proceeded toward Fredericksburg the next morning. He was involved in an accident while driving the automobile through Stokes County.

Claude Puckett testified he had never been in partnership with Mr. Jenkins. He testified further that he financed the purchase of used automobiles for Mr. Jenkins who paid him $25.00 for each automobile that was financed. The titles to the automobiles he financed were put in Mr. Puckett's name as security for the loans. Mr. Puckett testified that he did not own the automobile which the plaintiff was driving at the time of the accident.

The hearing was resumed on 18 October 1978 at which time the defendant Puckett offered further evidence. It was then continued and further evidence as to the plaintiff's injuries was

taken on 9 January 1979 in Winston-Salem. On 23 February 1979 an order was entered continuing the case and allowing the plaintiff to take additional depositions. No depositions were filed with Industrial Commission and on 30 June 1980 Deputy Commissioner Roney filed an opinion and award. Deputy Commissioner Roney found among other facts that the defendant Puckett was not a partner with the defendant Jenkins; that Puckett financed the purchase of used automobiles for Jenkins and charged a fee for doing so, but did not participate in any profit or loss; that plaintiff was employed by Jenkins and not Puckett at the time of the accident; and that the record did not reveal that Jenkins regularly employed four or more employees on 4 February 1976. Deputy Commissioner Roney denied any recovery to plaintiff and the plaintiff appealed to the full Commission.

The Industrial Commission struck certain findings of fact made by the Deputy Commissioner as to the plaintiff's being under the influence of alcohol at the time of the accident and affirmed the decision. The plaintiff appealed.

*Max D. Ballenger for plaintiff appellant.*

*Folger, Folger and Bowman, by Fred Folger, Jr., H. Lee Merrit, Jr. and Larry Bowman, for defendant appellee Claude Puckett.*

*No counsel for defendant appellee Lewis Jenkins.*

WEBB, Judge.

[1] The plaintiff's first assignment of error deals with the findings of fact by Deputy Commissioner Roney. The plaintiff contends the evidence does not support the findings of fact that the automobile which the plaintiff was driving at the time he was injured was owned by Lewis Jenkins; that Claude Puckett had financed the purchase of the automobile; that the automobiles financed by Puckett were usually titled in his name; and that the plaintiff was employed by Jenkins and not Puckett on 4 February 1976. The plaintiff testified he was employed by Puckett and Jenkins and was instructed by Jenkins as to where to drive the automobile. Mr. Puckett testified he and Jenkins were not partners. We believe this is evidence from which Deputy Commissioner Roney could find the plaintiff was employed by Jenkins,

not Puckett. The testimony of Mr. Puckett supports the other findings of fact about which the plaintiff complains. The plaintiff's first assignment of error is overruled. *See Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968).

[2] In his second assignment of error the defendant contends the claim against Lewis Jenkins should not have been determined in this proceeding. We believe this assignment of error has merit. The plaintiff filed a request only as to Puckett that the claim should be set for hearing. The plaintiff and Puckett stipulated that the claim against Puckett only was to be heard. G.S. 97-83 provides in part:

> If the employer and the injured employee or his dependents fail to reach an agreement, in regard to compensation under this Article within 14 days after the employee has knowledge of the injury or death . . . either party may make application to the Industrial Commission for a hearing in regard to the matters at issue, and for a ruling thereon.

This statute provides that a hearing may be had when applied for by either party. Whether the Industrial Commission may schedule a hearing without an application from either party, we need not decide. In this case it is clear the Industrial Commission did not schedule a hearing as to the claim against the defendant Jenkins. We hold it was error to determine this claim.

In his third assignment of error the plaintiff contends the Industrial Commission should have struck a finding of fact by Deputy Commissioner Roney as to the consumption of alcoholic beverages by the plaintiff on 4 February 1976. The decision in this case does not depend on this finding of fact and the plaintiff was not prejudiced by it. This assignment of error is overruled.

We affirm as to the claim against the defendant Claude Puckett and reverse as to the claim against the defendant Lewis Jenkins.

Affirmed in part, reversed in part.

Judges MARTIN (Robert M.) and WELLS concur.